**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **OSCAR HARRIS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 6:25-CV-00562-LS** |
| | § | |
| **SHELLPOINT MORTGAGE SERVICING,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER ADOPTING THE HONORABLE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Shellpoint Mortgage Servicing moved to dismiss Plaintiff Oscar Harris's complaint under Federal Rule of Civil Procedure 12(c).[1] The Honorable United States Magistrate Judge Dan N. MacLemore issued a Report and Recommendation ("R&R") urging this Court to grant the motion and enter a judgment of dismissal as to all claims.[2] Since Plaintiff timely objected to the R&R,[3] the Court considers the R&R *de novo*.[4] The Court has examined the record and independently assessed the law, taking each of Plaintiff's objections in turn.

## I. PLAINTIFF'S OBJECTIONS

### *A. Objection 1: The R&R Treats Dismissal of Bonial & Associates, P.C. as Automatic.*

Plaintiff objects to the R&R's conclusion that Harris's conflict-of-interest claims against Bonial & Associates, P.C. "must [be] dismiss[ed]"[5] under Federal Rule of Civil Procedure 4(m),

---

[1] ECF No. 7.
[2] *See* ECF No. 16.
[3] ECF No. 17-1.
[4] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made").
[5] ECF No. 16 at 9.

because under Rule 4(m) the court may "order that service be made within a specified time."[6] Plaintiff implies that the court, by dismissing his claims against Bonial, is adjudicating the claims on their merits.[7]

Plaintiff's objections are unpersuasive. Plaintiff concedes that Rule 4(m) authorizes the court to dismiss *sua sponte* and without prejudice the claims against Bonial for lack of service.[8] And Plaintiff provides no evidence to substantiate that it served an alleged "substitute trustee or foreclosure representative" of Bonial, or "made additional service efforts in the state-court action."[9] In any event, a dismissal without prejudice is not an adjudication on the merits.[10]

***B. Objections 2 and 4: The R&R Does Not Grant Plaintiff's Request for Leave to Amend Or Allow Him to Amend His RESPA/Regulation X Claims.***

Plaintiff objects that the R&R "recommend[ed] dismissal without squarely adjudicating [Plaintiff's] request" for "leave to amend if the Court found any claim insufficient."[11] In support, Plaintiff cites Federal Rule of Civil Procedure 15(a)(2), which states that the court "should freely give leave" for parties to amend their pleadings "when justice so requires."[12] In a related objection, Plaintiff also objects to the R&R not "permit[ting] [Plaintiff] to place" his allegations under the Real Estate Settlement Procedures Act (RESPA) and 12 C.F.R. Part 1024 (Regulation X) "into an amended pleading."[13]

---

[6] ECF No. 17-1 at 2 (citing Fed. R. Civ. P. 4(m)).
[7] *Id.*
[8] *Id.* ("After notice to the plaintiff, the Court must either dismiss without prejudice or order that service be made within a specific time . . . . The Court may address service sua sponte under Rule 4(m).").
[9] *Id.*
[10] *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) (explaining that "an adjudication upon the merits is the opposite of a dismissal without prejudice" and "does not bar the plaintiff from refiling the lawsuit") (quotations omitted).
[11] ECF No. 17-1 at 3.
[12] Fed. R. Civ. P. 15(a)(2).
[13] ECF No. 17-1 at 4.

Those objections are not meritorious. Under circuit precedent, Rule 15(a) "applies where plaintiffs 'expressly requested' to amend."[14] "A formal motion is not always required," but the request must "set forth with particularity the grounds for the amendment and the relief sought."[15] Accordingly, "[a] bare request in an opposition to a motion to dismiss . . . without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)."[16] Because Plaintiff made a generic request for leave to amend with "no indication of the particular grounds" for amendment or the "relief sought," Plaintiff effectively "neglect[ed] to ask" the Court for leave to amend and "cannot expect to receive such a dispensation" from the Court.[17]

### C. *Objection 3: The R&R Wrongly Recommended Dismissal of Plaintiff's Closed-End Mortgage-Statement Claim.*

Plaintiff objects that the R&R treated Plaintiff's "miscitation" of § 1637(b) as "dispositive" of Plaintiff's "closed-ended mortgage-statement claim under [12 C.F.R. § 1026.41]"—his "Regulation Z" claim—and wrongly dismissed the latter claim.[18] Plaintiff requests "leave to amend to plead" the "closed-end statutory and regulatory framework" of 15 U.S.C. § 1638(f).[19]

The Court overrules Plaintiff's objection. The R&R understood Plaintiff's Regulation Z claim to proceed under 12 C.F.R. § 1026.41, which, as Plaintiff explains, implements 15 U.S.C. § 1638(f).[20] Because Plaintiff first argued that Defendant "admitted delays without resolution" in his Opposition to Defendant's Motion to Dismiss, the Court cannot consider that new factual

---

[14] *United States ex. rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (citations omitted).
[15] *Id.* (citations omitted).
[16] *Id.* (citations omitted).
[17] *Id.*
[18] ECF No. 17-1 at 4.
[19] *Id.*
[20] *See* ECF No. 14 at 7.

allegation.[21] Finally, because Plaintiff has not alleged any facts illustrating how Defendant failed to comply with § 1026.41, or how any such failure harmed him, or other supporting facts, amendment would be futile.[22]

### *D. Objection 5: The R&R Should Have Allowed Plaintiff to Amend His Complaint to Supply the Relevant Facts to Support Fraudulent Assignment or to Assert a Narrower Void-Assignment Theory.*

Plaintiff disputes the R&R's recommendation of "final dismissal without allowing the requested amendment either to supply the particulars or to narrow the theory to a legally cognizable void-assignment defect."[23] This objection is meritless. In Plaintiff's Complaint and Opposition to the Motion to Dismiss, he asserts that Defendants engaged in fraudulent assignment, without elaborating on any circumstances of the alleged fraudulent assignment or how Plaintiff relied on the alleged fraudulent assignment to his detriment.[24] That falls far short of Rule 9(b)'s demand that "a party" that is "alleging fraud or mistake . . . must state with particularity the circumstances of fraud or mistake."[25] And because Plaintiff first raises a void-assignment argument in his objection to the R&R, he has forfeited that argument.[26] In any event, as explained above, the R&R's recommendation of final dismissal without opportunity for amendment was warranted because Plaintiff's request for amendment was made cursorily, without identifying the grounds for amendment or the relief sought through amendment.[27]

---

[21] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.").
[22] *See United States of America ex rel. Gentry v. Encompass Health Rehabilitation Hospital of Pearland, L.L.C.*, 157 F.4th 758, 763 (5th Cir. 2025).
[23] ECF No. 17-1 at 5.
[24] ECF No. 1-2 at 2-3.
[25] Fed. R. Civ. P. 9(b).
[26] *Firefighters' Retirement Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018).
[27] *See supra* Section I.B.

E. ***Objection 6: the R&R Misstated that Plaintiff Could Not Plead Any Facts that Would Show Consumer Status under the Texas Deceptive Trade Practices Consumer Protection Act (DTPA).***

Plaintiff takes issue with the R&R's statement that his "DTPA claim . . . fails as a matter of law, no matter what facts [Plaintiff] may plead."[28] Plaintiff suggests that he could qualify as a consumer who could raise a DTPA claim, on the grounds that the financing from Defendant was tied to the "acquisition of a good or service that forms the basis of the complaint," and seeks leave to plead the relevant facts.[29] That objection is unpersuasive. By Plaintiff's own admission, Defendant's loan-servicing and foreclosure activities "culminated in the *loss* of [his home]," and thus postdated his acquisition of his home.[30] Because Plaintiff waited until his objection to the R&R to "request[] leave" to argue that his DTPA claim arises from the acquisition of his home, that argument is also forfeited.[31]

***F. Objection 7: The Trustee Theory against Bonial and Associates, P.C., Should Be Evaluated on Specific Foreclosure Conduct.***

Plaintiff argues that the R&R should have evaluated his trustee theory against Bonial and Associates, P.C., based on Bonial's conduct rather than his dual status as attorney and trustee.[32] But Plaintiff never served Bonial, and the R&R recommended dismissal for failure to timely serve under Rule 4(m).[33]

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[34] However, the court must

---

[28] ECF No. 16 at 11.
[29] ECF No. 17-1 at 5.
[30] *Id.* (emphasis added).
[31] *Id.*
[32] *See* ECF No. 17-1 at 6.
[33] ECF No. 16 at 9.
[34] Fed. R. Civ. P. 4(m).

extend the time for service if the plaintiff can show good cause for his failure.[35] Good cause for failure to timely serve a defendant "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[36] Also, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance" is required."[37] The R&R specifically recommends dismissal for Plaintiff's failure to timely serve Bonial, and, having been put on such notice, Plaintiff failed to address said recommendation. Accordingly, Bonial was never served and is dismissed, and all other objections with respect to it are overruled.[38]

### ***G. Objection 8: The R&R Misstates Plaintiff's Property Address.***

Plaintiff argues that the R&R misstates the address of Plaintiff's property as "1304 Blue Leaf Drive, Temple, Texas, 76502,"[39] when Plaintiff's correct address is "1305 Blue Leaf Dr, Temple, Texas 76592."[40] Because the latter address is consistent with the address used in Plaintiff's and Defendant's prior pleadings, Plaintiff appears to be correct.[41] But a one-digit error regarding his home address is of no moment with respect to the viability of Plaintiff's claims.

### ***H. Objection 9: Plaintiff Defended Claims Relating to Regulation Z, RESPA/Regulation X, Paid/Closed Status, Void-Assignment Standing, Trustee Conduct, DTPA, Concrete Damages, and Requesting Leave to Amend.***

Plaintiff contests the R&R's finding that he "abandoned" his claims relating to "Regulation Z, RESPA/Regulation X, the reported paid/closed status, void-assignment standing, trustee

[35] *Id.*
[36] *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).
[37] *Id.* (quoting *Lambert*, 44 F.3d at 299).
[38] *See supra* Section I.A.
[39] ECF No. 16 at 2.
[40] ECF No. 17-1 at 6.
[41] *See* ECF No. 1-2 at 1; ECF No. 15 at 5.

conduct, DTPA, concrete damages," and "an alternative request for leave to amend."[42] Plaintiff alleges that he "actually defended" and "expressly addressed" each of those arguments.[43] In fact, Plaintiff merely restated each argument in a single sentence without elaborating on them further. Because Plaintiff "inadequately brief[ed]" these agreements, the R&R correctly deemed them to be abandoned.[44]

## II. CONCLUSION

For the reasons stated above, the Court overrules all objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. The Court **GRANTS** Defendant's motion to dismiss [ECF No. 7]. However, courts ordinarily grant *pro se* plaintiffs leave to amend a complaint before dismissing a case unless a plaintiff has already pled his "best case."[45] Accordingly, the Court **GRANTS** Plaintiff leave to file an amended complaint no later than **October 7, 2026**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 17, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[42] ECF No. 17-1 at 6-7 (citing ECF No. 14 at 2-3).
[43] *Id.* at 7.
[44] *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).
[45] *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).